COURTROOM MINUTES OF CRIMINAL PROCEEDINGS
RICHMOND DIVISION

**SENTENCING MINUTES:**

| | | | |
|---|---|---|---|
| Time Set: | 10:15 a.m. | Date: | August 26, 2026 |
| Started: | 10:15 a.m. | Presiding Judge: | Roderick C. Young, USDJ |
| Ended: | 11:48 a.m. | Courtroom Deputy: | J. Jones |
| Time in Court: | 1 hour & 33 minutes | Court Reporter: | Tracy Stroh, OCR |
| | | Probation Officer: | Timothy Foote |
| CJA Time: | | U.S. Attorney: | Ellen Theisen, AUSA |
| Split Time | ( ) | Defense Counsel: | Javionte Johnson |
| | | ☐ Retained ☐ Court appointed ☒ AFPD | |
| | | Interpreter: | |

Case Number: 3:26cr2

USA v. Randon Alexander

☒ Matter came on for Sentencing. ☒ in custody ☐ on bond

☐ Court finds defendant GUILTY as to Count(s) _____ of Indictment following defendant's plea on .

☒ Pre-sentence report reviewed. ☐ No objections to PSR. ☒ Objections argued and rulings made.

☐ PSR accepted, adopted and filed as tendered. ☒ PSR accepted, adopted and filed as amended (over defense objection).

☒ Government oral motion to seal late victim impact statement and append to PSR – GRANTED.

☒ Motion for Downward Variance – Argued ☐ Government ☒ Defendant.
(ECF No. 38)
☒ Granted ☒ Denied

☒ Motion for Acceptance of Responsibility - Argued ☒ Government ☐ Defendant.
(ECF No. 45)
☒ Granted ☐ Denied

☒ Evidence previously filed at ECF No. 38 adopted by Court and made a part of the record.

☒ Argument by counsel.

☒ Defense oral motion to append Dr. Flower's Psychosexual Risk Assessment (filed at ECF No. 38-1) to PSR – GRANTED.

☒ Statement by defendant.

## IMPRISONMENT

SENTENCE:

Counts(s) 1 The defendant shall be committed to the custody of Bureau of Prisons to be imprisoned for a term of 120 months on Count 1.

☒ The defendant is remanded to the custody of the U.S. Marshal.

☒ The defendant shall receive credit for time served pursuant to 18 U.S.C. § 3585.

☐ The defendant shall surrender for service of the sentence at the institution designated by the Bureau of

Prisons/U.S. Marshal, as directed by the Bureau of Prisons. If the defendant is not notified by the Bureau of Prisons of the institution designated, the defendant shall report to the USM at 701 East Broad Street, Richmond, Virginia no later than 10:00 a.m. on _____, to begin service of the sentence.

**SUPERVISED RELEASE**

☒ Upon release from imprisonment, the defendant shall be on Supervised Release for a term of 20 years on Count 1.

☒ The defendant shall report to the U.S. Probation Office in the federal judicial district where the defendant is authorized to reside within 72 hours of the defendant's release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different timeframe.

☒ While on supervision, the defendant shall not commit another federal, state or local crime.

☒ The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, as determined by the court.

☒ The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or other dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

☒ Defendant shall comply with all of the standard conditions of Supervised Release that are outlined in the pre-sentence report and are incorporated into the Court's Judgment by reference.

**Defendant shall also comply with the following additional conditions:**

1. The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment, and follow the rules and regulations of that program. The costs of this program shall be paid by the defendant, subject to the court's ultimate review and supervision. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.
2. The defendant shall submit to periodic polygraph testing at the discretion of the probation officer to ensure compliance with the requirements of the defendant's supervision and/or treatment program. The costs of the testing are to be paid by the defendant.
3. The defendant shall not view or possess any "visual depiction" of any "sexually explicit conduct" (as both terms are defined in 18 U.S.C. § 2256), including any photograph, film, video, picture or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means.
4. The defendant shall not have any intentional contact with any child under the age of 18, unless accompanied by a responsible adult who is aware of the defendant's conviction and supervision status and who has been approved in advance by the Court or probation officer. Intentional contact includes, but is not limited to, physical contact, verbal communication, written communication and/or electronic communication such as email. The defendant is not prohibited from having incidental contact with children under the age of 18, which includes but is not limited to routine interactions in public places such as grocery stores, department stores, restaurants, et cetera, but under no circumstance shall defendant have any unapproved physical contact with a minor. The defendant is prohibited from going to, congregating or loitering within 100 yards of schoolyards, playgrounds, child-care facilities or other locations where an adult would have no legitimate interest or business unless accompanying a child. The defendant is also prohibited from working in such locations.
5. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends

school, according to federal and state law and as directed by the probation officer.

6. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit their person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation office may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
7. The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses. The costs of the monitoring shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant seeks to use. The defendant shall submit to a search of all computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner. To ensure compliance with the computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills and cable/satellite television bills.
8. The defendant shall disclose to the probation office all computers as defined in 18 U.S.C. § 1030(e)(1), and similar devices that provide access to the Internet, that the defendant owns, possesses, or uses. The defendant shall not possess or use any computer or similar device, which includes the use of computers at work, unless the defendant cooperates with the probation office's computer monitoring program or receives permission from the probation office. The defendant shall permit random, unannounced inspections on any unmonitored computer or similar device under the defendant's control to ensure compliance. The defendant shall not use the Internet to access pornographic websites on the Internet or to communicate with any individual or group who promotes sexual abuse of children.
9. The defendant shall not utilize, by any means, any social networking forums offering an interactive, user-submitted network of friends, personal profiles, blogs, chat rooms or other environment, including but not limited to YouTube, Facebook, or Instagram, without prior permission from the probation officer. The defendant shall provide account information to the probation officer, to include usernames and passwords.

## FINANCIAL PENALTIES

☒ The Court finds the defendant is ☐ capable ☒ not capable of paying a fine.

☒ The defendant shall pay a special assessment of $100.00 as to each count. TOTAL: $ 100.00

☒ No Justice for Victims of Trafficking Act of 2015 assessment has been imposed as the defendant is deemed indigent.

☒ No Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 assessment has been imposed in the case based on the 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572 factors.

☒ The provisions of the Mandatory Victim Restitution Act of 1996 apply to this Title 18 offense, but no restitution has

been requested.

☒ Restitution not imposed in this case.

☐ The defendant shall pay a fine of $_____. Interest waived? ☐ yes ☐ no

☐ The defendant shall make restitution in the amount of $_____
Payable to: ______

Interest waived? ☐ yes ☐ no

☐ Restitution is joint and several with _____

☐ Restitution Order entered and filed in open court.

☒ Consent Order of Forfeiture entered and filed on 4/23/2026 (ECF No. 33).

**SCHEDULE OF PAYMENTS**

**PAYMENT OF THE CRIMINAL MONETARY PENALTIES SHALL BE AS FOLLOWS**:

☒ The criminal monetary penalties shall be due in full immediately;

☒ Any balance remaining unpaid on the special assessment at the inception of supervision shall be paid by the defendant in installments of not less than $25.00 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins. Payment of any unpaid balance shall become a special condition of supervised release.

☒ Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the clerk, United States District Court, except those payments made through the Bureau of Prisons' inmate financial responsibility program.

☒ The defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

**APPEAL RIGHTS/DISMISSAL OF COUNTS/BOP RECOMMENDATIONS**

☒ The defendant notified of right of appeal.

☒ Court noted that defendant waived right to appeal any non-jurisdictional issue (no plea agreement).

☐ ~~On motion of government the remaining counts of the indictment, to which the defendant has not pled guilty, are hereby dismissed: Count(s) ______.~~

☐ The defendant is continued on present bond and cautioned re bail jumping.

☐ The defendant is continued on present bond with the following additional conditions:_____.

☒ The Court recommends/directs that while incarcerated:

1. The Court recommends that the defendant receive educational and vocational training while

incarcerated.

2. The Court recommends that the defendant receive an evaluation for the need for substance abuse treatment, sex offender treatment and mental health treatment while incarcerated.
3. The Court recommends that the defendant be housed at FCI Englewood.